UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHOTOMEDEX, INC., <br><br> Plaintiff, <br><br> v. <br><br> DEAN STEWARD IRWIN, *et al.*, <br><br> Defendants. | Civil No. 04-CV-0024-L(CAB) <br><br> **ORDER DENYING MOTION TO CONSOLIDATE [doc. #100]** |

Plaintiff Photomedex, Inc. moves to consolidate the above-captioned case with the case *Ra Medical Systems, Inc. v. Photomedex, Inc.*, 06-CV-1479-L(CAB). Defendants oppose the motion. The matter has been fully briefed and the Court finds this motion suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons set forth below, the Court denies the motion to consolidate.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED.R.CIV.P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal .*,

877 F.2d 777, 777 (9th Cir. 1989).  To determine whether to consolidate, a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.  *See Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). "Consolidation is within the broad discretion of the district court."  *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987).

## FACTUAL AND PROCEDURAL BACKGROUND

The above-captioned case was filed on January 6, 2004, but that was not the beginning of this case.  On April 29, 2003, plaintiff filed an action against defendants in the Superior Court for the State of California alleging breach of contract, conversion, intentional interference with contractual relationships, unfair competition and misappropriation of trade secrets.  After summary judgment was granted in defendants' favor with respect to plaintiff's conversion, intentional interference with contract and breach of contract claims, and after the Superior Court denied plaintiff's motion to file a first amended complaint, plaintiff dismissed the case on the date trial was to commence, December 31, 2003.  The present case alleges claims under the Lanham Act, untrue and misleading advertising and unfair competition.

Since the present case was filed, there have been two dispositive motions filed and decided, and numerous settlement conferences have been held.  Discovery has ended but for the taking of a few depositions that will be completed by the end of January 2007.  The motion cutoff date has been extended until February 28, 2007.  The final pretrial conference is set for March 26, 2007 at which point a trial date will be set.

RA filed its action against Photomedex, 06-CV-1479-L(CAB), in state court.  Photomedex removed the action on July 24, 2006.  The RA Complaint alleges two counts of unfair competition in violation of California Business and Professions § 17200.  Photomedex filed its Answer and Counterclaims on August 22, 2006.  The Counterclaims include misappropriation of trade secrets, violation of the Lanhan Act, Untrue and misleading advertising; tortious interference with contractual relations, and unfair competition. [doc. #7].  Currently pending and under submission in the *RA v. Photomedex* action are two motions to dismiss: RA's motion to dismiss counts the first, second, third and fifth causes of action in

Photomedex's Counterclaim; and Photomedex's motion to dismiss RA's second cause of action. Although an early neutral evaluation ("ENE") conference has been held, because of the pending motions to dismiss, a case management conference has not been conducted and discovery may not commence.

## DISCUSSION

Plaintiff moves to consolidate the *Photomedex v. RA* and the *RA v. Photomedex* cases contending that the cases "involve the same parties, arise from the same set of facts and circumstances, involve substantially identical transactions and technology and involve many of the same questions of law and fact" (Pltf's memo at 1) and therefore, consolidation is appropriate "[t]o promote judicial efficiency and minimize the expense of litigation . . . ." (Pltf's memo at 6). Defendants object to consolidation arguing that the motion is premature; the potential for delay, confusion and prejudice caused by consolidation outweighs judicial convenience; and the counterclaims add entirely new issues of fact and law, *viz*, trade secret, interference with contract and disparagement.

The Court is well aware of the procedural posture of the cases and finds that judicial economy would not be effectuated by consolidating these cases. The 04-CV-24-L(CAB) case is nearing three-year-old status and is approaching trial. Given the new claims asserted in the counterclaim and that discovery has yet to commence in the *RA* case, the *Photomedex* action would be significantly and unduly delayed. There will be some overlap of discovery because of scheduling issues that have occurred in the *Photomedex* case, but the *RA* action will necessarily involve new and appreciable discovery that has not yet been commenced. Because of possible overlap with respect to deposition, however, the parties are urged to consider how the already taken discovery can be used and coordinated in the *RA* case.

The Court is also aware that the facts and circumstances are similar in both cases, and that some questions of law and fact are similar. Nevertheless, because of the procedural posture of the *Photomedex* case, the newly alleged claims in the *RA* counterclaim, and the undue delay that would occur in the *Photomedex* action, the Court finds and concludes that consolidating of these cases in not in the interest of judicial efficiency or justice.

Based on the foregoing, **IT IS ORDERED** denying plaintiff's motion to consolidate the above-captioned case with *Ra Medical Systems, Inc. v. Photomedex, Inc.*, 06-CV-1479-L(CAB). [doc. #100]. **IT IS FURTHER ORDERED** that the Clerk of the Court file a copy of this Order in case number 06-CV-1479-L(CAB).

**IT IS SO ORDERED.**

DATED: December 11, 2006

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL