UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RA MEDICAL SYSTEMS, INC., | Civil No. 06-CV-1479-L(CAB) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT TWO OF THE COMPLAINT [doc. # 4]** |
| v. | |
| PHOTOMEDEX INC, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

The above-captioned case was removed from the Superior Court of the State of California for the County of San Diego on July 24, 2006. The Complaint was filed on June 8, 2006 and contains two causes of action against defendant: Count One alleges violation of California Health and Safety Code which constitutes unfair competition in violation of the California Business and Professions Code; and Count Two alleges unfair competition in violation of California Business and Professions Code under the Medical Practice Act

Currently pending is defendant's motion to dismiss count Two of the Complaint. The Court notes that plaintiff attempted to file an amended complaint on August 9, 2006, but the amended complaint was rejected by discrepancy order. On September 5, 2006, the Court vacated the discrepancy order based upon a stipulation of the parties. *See* Order filed September

5, 2006 [doc. #9].  The Court ordered that "**[p]laintiff shall resubmit the rejected Amended Complaint forthwith for filing**, and shall attach a copy of this order thereto." *Id.* (Emphasis added).  To date plaintiff has not submitted its amended complaint for filing even though plaintiff was ordered to file its amended complaint within five days of the filing of the September 5, 2006 Order.  Accordingly, the operative Complaint in this action is plaintiff's original Complaint.

The motion to dismiss the second count of the Complaint that was filed on July 24, 2006, was set for hearing on October 10, 2006 [doc. #15].  On October 4, 2006, the case was transferred under the low number rule to the undersigned.   Although the hearing date was vacated before the original presiding judge because of the transfer, the date remained in place for briefing purposes under the Civil Local Rules.  Accordingly, plaintiff's opposition to the motion to dismiss Count Two was due on or before September 25, 2006.  To date, plaintiff has neither filed an opposition nor sought additional time in which to file an opposition.

When an opposing party does not file papers in the manner required by Civil Local Rule 7.1(e.2), the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court."  CIV. L.R. 7.1(f.3.c).  Notwithstanding plaintiff's failure to file an opposition, the Court will review the motion on the merits to determine whether any legal issue exists that would preclude granting defendant's motion to dismiss count Two.

**Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal of a claim under this Rule is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Navarro*, 250 F.3d at 732.  Dismissal is warranted under Rule 12(b)(6) when the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails

to plead essential facts under that theory. *Robertson*, 749 F.2d at 534.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998).

## Discussion

In Count Two plaintiff alleges that defendant engaged in unfair competition by violating the California Medical Practice Act ("MPA"). Plaintiff contends taht provisions of a written agreement that defendant executed with a physician in Maryland violate the MPA and constitute unfair competition under California Business & Professions Code § 17200. Plaintiff asserts that defendant and a Maryland physician entered into a written Commercial Usage Agreement ("CUA") which violate the MPA because, *inter alia*, the CUA interferes with or influences the physician's professional judgment and prevents and discourages health care providers from using any other excimer light source treatment even if that physician determines that another excimer light source would be the preferred and appropriate method of treatment for a particular pation.

Defendant contends that the conduct alleged in Count Two is not a violation of the Business & Professions Code § 2052 because the Complaint contains no allegations that defendant is practicing medicine in California or that it practices medicine without a license.

Similarly, defendant argues that the conduct alleged in Court Two is not a violation of Business & Professions Code § 2056 which provides in relevant part: "[n]o person shall terminate, retaliate against, or otherwise penalize a physician and surgeon for that advocacy, nor

shall any person prohibit, restrict, or in any way discourage a physician and surgeon from communicating to a patient information in furtherance of medically appropriate health care." Bus. & Prof. Code § 2056(c).  Defendant argues that the Complaint does not allege any conduct that falls within the scope of Business and Professions Code § 2056 because there is no allegation that defendant is involved in making any specific decision concerning the diagnosis or treatment of any particular patient.  Nor does the Complaint allege that any physician protested or appealed any decision, policy or practice of defendant's that the physician reasonably believed impaired his or her ability to provide medically appropriate health care.  Instead, the Complaint alleges that a Maryland physician agreed to restrict his use of excimer lasers in treating his patients to the XTRAC system and that defendant could terminate the CUA if the amount of his use of the the XTRAC system was insufficient.

Because there is no allegation contained in the Complaint that the Maryland doctor or defendant did anything other than negotiate and agree to the terms of the CUA, the Court must concluded that plaintiff fails to state a claim under Business & Professions Code § 2056. Moreover, because the physician at issue is a citizen of Maryland and defendant is a citizen of the states of Delaware and Pennsylvania, and the CUA expressly states that it is governed by Maryland law, California does not govern the conduct alleged in Court Two of the Complaint and cannot form the basis of an unfair competition claim against Defendant.

## Conclusion

Based on the foregoing, **IT IS ORDERED** granting defendant's motion to dismiss Count Two from the Complaint.

**IT IS SO ORDERED.**

DATED: February 1, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. CATHY ANN BENCIVENGO
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL