# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RA MEDICAL SYSTEMS INC., <br><br> Plaintiff, <br> vs. <br><br> PHOTOMEDEX, INC., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 06CV1479 JLS (CAB) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST, SECOND, THIRD, & FIFTH CLAIMS FOR RELIEF WITHOUT PREJUDICE** |

Presently before the Court is Counterclaim Defendants ("Defendants") RA Medical and Dean Irwin's motion to dismiss Counterclaim Plaintiff ("Plaintiff") Photomedex's first, second, third, and fifth claims for relief [Doc. No. 10], Plaintiff's opposition [Doc. No. 18], and Defendants' reply [Doc. No. 20.] For the following reasons, this Court **GRANTS** Defendants' motion without prejudice.

## BACKGROUND

Plaintiff first filed suit against RA Medical on April 29, 2003 in the Superior Court of the State of California for, <u>inter alia</u>, alleged violations of trade secrets, unfair competition and conversion. [Def.'s Motion, Exhibit 1.] Plaintiff dismissed the trade secrets and unfair competition claim two days before trial. [Def.'s Motion, Exhibit 2.]

A week after dismissing the state court case, Plaintiff filed suit in federal court. [Def.'s

1  Motion, Exhibit 12.] It alleged false advertising in violation of the Lanham Act and Business and
2  Professions Code ("B&P Code") Sections 17200 and 17500 based, in part, on the allegations that RA
3  Medical's "Pharos" laser was not approved by the Food & Drug Administration ("FDA"). Defendants
4  filed a motion for summary judgment in that action and the motion is currently before this Court
5  (hereinafter "First Action").

6  Earlier in the First Action, Plaintiff filed a motion for partial summary judgment for
7  Defendants' alleged violations of California's Health and Safety Code. [See Def.'s Motion, Exhibits
8  18-21.] Judge Lorenz denied Plaintiff's motion and found that the allegation did not comply with the
9  Rule 8 pleading standard. [See First Action, Doc. No. 112.] Thereafter, Defendants filed suit against
10 Plaintiff in state court for violating the same Health and Safety Code sections. Plaintiff removed
11 Defendants' complaint to this Court based on diversity jurisdiction.

12 Plaintiff then filed a counterclaim to Defendants' complaint. In the counterclaim, Plaintiff
13 alleges Defendants engaged in misappropriation of trade secrets, false advertising in violation of the
14 Lanham Act and B&P Code Section 17500, unfair competition in violation of B&P Code Section
15 17200, and tortious interference with contract. Defendant now moves to dismiss each claim other than
16 the tortious interference with contract claim.

17
18 **LEGAL STANDARD**

19 Federal Rule of Civil Procedure 12(b)(6) provides the vehicle by which a defendant may attack
20 a complaint (or counterclaim) that fails to allege facts sufficient to state a claim upon which relief can
21 be granted. Fed. R. Civ. P. 12(b)(6). In a Rule 12(b)(6) motion to dismiss, a plaintiff's allegations
22 of material fact are accepted as true and are construed in the light most favorable to plaintiff. Barron
23 v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the court need not accept as true allegations
24 that contradict facts which may be judicially noticed by the court. Mullis v. United States Bank. Ct.,
25 828 F.2d 1385 (9th Cir. 1987).

26 "Dismissal [for failure to state a claim] can be based on the lack of a cognizable legal theory
27 or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police
28 Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Although the allegations of a complaint must be taken as

true for purposes of a decision on the pleadings, dismissal is proper if the complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983).

## ANALYSIS

**A.  Plaintiff's Claim for Misappropriation of Trade Secrets Is Barred by the Statute of Limitations**

"Affirmative defenses, like the statute of limitations may be raised in motions to dismiss filed before the first responsive pleading." Cedards-Sinai Medical Center v. Shalala, 177 F.3d 1126, 1128-29 (9th Cir. 1287); Vernon v. Heckler, 811 F.2d 1274, 1278 (9th Cir. 1987).  In analyzing the motion to dismiss, a court may consider the submission of public records, including pleadings, orders, and other papers on file in another action.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

California Civil Code Section 3426.6 states: "[a]n action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered . . . [and] for the purposes of this section, a continuing misappropriation constitutes a single claim." Cal. Civ. Code § 3426.6 (2007). "A plaintiff is under a duty to reasonably investigate, and a *suspicion* of wrongdoing, coupled with a knowledge of the harm and its cause, commences the limitations period." Snapp & Associates Insurance Services, Inc. V. Malcolm Bruce Burlingame Robertson, 96 Cal.App.4th 884, 891 (2002).

Over three years ago, on April 29, 2003, Plaintiff filed a state court complaint against RA Defendants. [Def.'s Motion, Exhibit 1.] It also moved for a temporary restraining order. [Def.'s Motion, Exhibit 3 & 4.] In the 2003 state complaint, Plaintiff alleged similar facts to those it alleges in this counterclaim. [See Def.'s Motion, Exhibit, 1 ¶¶ 11-16.] Plaintiff's Chief Technical Officer, Jeffrey Levatter, stated that in March of 2003 he attended the Annual Meeting of the American Academy of Dermatology. [Def.'s Motion, Levatter Decl., ¶¶ 7 & 8.] He further stated that Mr. Irwin was making available to the attendees a brochure promoting the excimer laser and peripherals. [Id. ¶ 9.] Mr. Levatter claimed he received and reviewed the Pharos' brochure and concluded that "the technical specifications for the excimer laser described in that brochure are substantially identical in

all material aspects to XTRAC" and that the "continuously adjustable spot hand piece described in the brochure" appeared to be identical in all material aspects to the same device developed by Photomedex.[1] [Id.] Mr. Levatter also declared his belief that Mr. Irwin used Plaintiff's trade secrets in his selection of the "liquid light guide." [Id. at 6.]

Mr. Levatter declared Mr. Irwin's employment with Plaintiff ceased on July 26, 2002. [Id. at ¶ 3.] He stated that Mr. Irwin left Photomedex with files containing proprietary information. [Id. ¶ 17.] Finally, under the conversion claim in Plaintiff's state complaint, Plaintiff alleged that before Mr. Irwin's termination in 2002, Mr. Irwin removed files and possibly xenon chloride gas bottles-all of which were proprietary to Plaintiff. [Id. ¶¶ 16 & 17; Def.'s Motion, Exhibit 1, ¶ 43.]

Taken together, these records reveal that Plaintiff discovered the misappropriation over three years ago and that the statute of limitations have passed. Plaintiff maintains it discovered the trade secret theft in 2006 after it inspected and analyzed RA Medical's excimer laser. [Pl.'s Counterclaim ¶ 20.] Plaintiff also contends it was only on "constructive notice of potential misappropriation" in 2003 and did not have "actual notice." However, the aforementioned statements from Mr. Levatter in the 2003 state suit reveal that the alleged misappropriation was "discovered" in 2003. Moreover, "actual notice" is not the standard for determining when the statute of limitations begins to run. See Snapp, 96 Cal.App.4th at 890-91 (stating a plaintiff is under a duty to reasonably investigate and that "a suspicion of wrongdoing, coupled with a knowledge of the harm and its causes, commences the limitation period.").

Plaintiff also alleges that the statute of limitations have not expired because the state court suit was about improper acquiring or disclosure of trade secrets, while the instant action concerns the "use" of trade secrets. [Pl.'s Opp. at 4-5.] Misappropriation is defined by (1) acquisition, or (2) disclosure or use of the trade secret. Cal. Civ. Code § 3426.1 (2007) (emphasis added). Any of these methods constitutes misappropriation. Glue-Fold Inc. v. Slautterback Corp., 82 Cal.App.4th 1018, 1025 (2000). Plaintiff is attempting to split hairs and this Court is not aware of any case law that states this distinction can be made with respect to the statute of limitations. Furthermore, the argument is contradicted by its own state court complaint:

---

[1] The XTRAC is Plaintiff's competing laser.

> Based on RA Medical's documents, the 'Pharos' is virtually identical in all material aspects to the XTRAC. In addition, the 'Continuously Adjustable Spot Size' device touted by Irwin and RA Medical is an unauthorized duplicate of PHMD's ("Plaintiff's") proprietary device. Further the liquid light guide, as described by RA Medical, could only be provided by PHMD's proprietary vendor. Finally, there is grave concern that defendants may be <u>using</u> PHMD's proprietary and confidential business information.

[Def.'s Motion, Exhibit 1, ¶ 16 (emphasis added).] Thus, Plaintiff discovered the potential "use" of trade secrets in 2003. As a result, Plaintiff's first claim for trade secret misappropriation is barred by the statute of limitations.

**B.  Defendants' Motion to Dismiss Plaintiff's Second, Third, and Fifth Claims of Relief Should Be Granted Without Prejudice**

The three claims for relief at issue all incorporate paragraphs 20, 21, 22, and 23 of Plaintiff's counterclaim. [See Counterclaim.] Paragraph 20 relates to the alleged misappropriation of trade secrets in 2003. This Court has already found that this claim is barred by the statute of limitations. Therefore, this alleged misappropriation cannot serve as a predicate act for the second, third, and fifth claims of relief.

Paragraphs 21 and 22 relate to the alleged improper marketing of the Pharos as FDA approved with exact specifications. This Court, in its order granting Defendants' motion for summary judgment, already found that Plaintiff lacked standing on these claims. Therefore, the FDA related issues cannot serve as predicates for the second, third, and fifth causes of action.

In paragraph 23, Plaintiff alleges Defendants manufactured the Pharos in California without a license from the California Department of Health Services ("DHS"). [Pl.'s Counterclaim ¶ 23.] However, in the First Action, Judge Lorenz found that the allegation did not comply with the Rule 8 pleading standard. [See First Action, Doc. No. 112.] Plaintiff had the chance to amend its complaint in that action. Instead, they chose to raise the issue again, years later, in this action. Aside from the statute of limitations issues associated with this claim, this Court will not allow Plaintiff to "clean up" its initial federal court complaint by alleging the issue, three years later, in its counterclaim here. Therefore, this allegation cannot serve as a predicate act for the second, third, and fifth causes of action.

In its opposition to Defendants' motion to dismiss, Plaintiff asserted that it *does* allege claims

that (1) "concern conduct which occurred after the filing of the First Action" and (2) are unrelated to the issues that were raised in the First Action. [See Pl.'s Opp. at 6, 9.] However, this Court has found no clear indication of such alleged conduct in the counterclaim.[2] Therefore, this Court **GRANTS** Defendants' motion to dismiss Plaintiff's second third, and fifth causes of action without prejudice. If Plaintiff decides to draft a new complaint, it should avoid including: (1) the FDA issues discussed in this Court's order on Defendants' motion for summary judgment; (2) issues related to the alleged misappropriation of trade secrets that this Court has already ruled are time-barred; or (3) any issues that are time-barred by the statute of limitations.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendants' motion to dismiss Plaintiff's first, second, third, and fifth claims for relief without prejudice.

IT IS SO ORDERED.

DATED: October 29, 2007

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[2] In paragraph 21, Plaintiff alleges that Defendants misrepresented that medical results obtained from use of Plaintiff's laser can be similarly achieved by use of the Pharos. [Pl.'s Counterclaim ¶ 21.] In paragraph 22, Plaintiff claims Defendants have "disparaged" Plaintiff's marketing programs. [Pl.'s Counterclaim ¶ 22.] An argument can be made that these are predicate acts that are unrelated to the FDA, misappropriation, and DHS issues and therefore should prevent dismissal of the counterclaim. However, while Rule 8 does not require the claimant to set out in detail the facts upon which he bases his claim, the defendant needs to be given fair notice of what the plaintiff's claim is and the grounds upon which it rests. Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001). Furthermore, a claim for false advertising requires pleading facts with specificity. Accuimage Diagnostics Corp. V. Teracon, Inc., 260 F. Supp.2d 941, 948 (N.D. Cal. 2003). Thus, the Court finds that these vague allegations fail to meet the Rule 8 standard, and thus, cannot save the counterclaim.